# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00536-CV

**Carol Hagerman, Appellant**

**v.**

**Walburg State Bank; Rudolph Schwausch; Associates Commercial Corp.; Keith Fiala; Majestic Trucking, Inc.; and Charles Hagerman, III, Appellees**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 99-634-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

Carol Hagerman seeks to appeal the trial court's judgments against her in the underlying case. Because those judgments are interlocutory, we will dismiss the appeal for want of jurisdiction.

Appellant Hagerman sued appellees alleging conversion, conspiracy, and misappropriation of funds resulting from the sale of a truck and trailer owned by her and her husband as community property and subsequently sold under an alleged agreement after their divorce. A central issue in this dispute was whether appellant consented to the sale. Several discovery motions were heard and ruled on by the trial court, among those was Associates Commercial Corporation's Motion for Sanctions. In granting its order for sanctions, the court decreed that Ms. Hagerman

consented to the sale of the truck and trailer and that she was precluded from introducing any evidence to deny her consent. Although the court's ruling that Ms. Hagerman had consented to the sale and was precluded from entering evidence to the contrary effectively eliminated her claim against the two remaining defendants, Fiala and Charles Hagerman III, summary judgment was not entered in their favor, leaving the claims against them pending. On September 21, 2001, the trial court granted Associates Commercial Corporation's motion for summary judgment. This judgment contained a "Mother Hubbard" clause; however, we do not find this dispositive in determining whether the judgment constitutes a final judgment. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). The judgment did not dispose of every pending claim and party, nor did it clearly and unequivocally state that it was intended to do so. *Id.* at 205. Subsequently on October 22, 2001, the court granted a motion for summary judgment submitted by Walburg State Bank, Rudolph Schwausch, and Majestic Trucking, Inc.

With exceptions not applicable here, an appellate court has jurisdiction only over appeals from final judgments. *Id.* at 195. To be final, the judgment must dispose of all parties and issues before the court. *Id.* at 205. Although the court's sanction order makes findings that would seem to defeat any claims against Fiala and Charles Hagerman, there is no court order that disposes of appellant's claims against these parties. In *Lehmann*, the supreme court clearly indicated that the intent to finally dispose of a case must be unequivocally expressed in the order itself. *Id.* at 200. The issues must be disposed of "intrinsically, and not inferentially." *Id.* at 196. The sanctions order does not unequivocally dispose of the claims against Fiala and Charles Hagerman; at best, it disposes of

2

the claims inferentially.  Under *Lehmann* , this is insufficient.  Presented with a judgment that is not final, we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.  Tex. R. App. P. 42.3(a).

_____

Justice Bea Ann Smith

Before Chief Justice Aboussie, Justices B.A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   January 31, 2002

Do Not Publish

3